STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY v SENTRY INSURANCE

Docket No. 77-3151. Submitted January 4, 1979, at Detroit.—Decided
July 9, 1979. Leave to appeal denied, 407 Mich —.

Geneva Yopp was injured in an automobile accident. The car
which she was driving had been furnished by her employers
Mr. and Mrs. Robert Owens. The registered title holder was
Bob Owens Sales, Inc., where Mr. Owens was general manager.
The car had been used for some time as a second family car by
Mrs. Owens personally and not as part of the business opera-
tions. Sentry Insurance Company had issued a no-fault policy
covering the vehicle in the name of Bob Owens Sales, Inc. State
Farm Mutual Automobile Insurance Company had issued a
policy covering a car, not involved in the accident, owned by
Mrs. Yopp. State Farm paid no-fault benefits to Mrs. Yopp.
Sentry denied coverage. State Farm brought an action against
Sentry to recover the amounts paid. Plaintiff, State Farm,
alleged that at the time of the accident Mrs. Yopp was an
occupant of a motor vehicle owned or registered by her em-
ployer and that she was entitled to benefits from the insurer of
the furnished vehicle. Sentry moved for summary judgment
claiming that Mrs. Yopp was personally employed by Mr. and
Mrs. Owens and that the car was owned and registered by Bob
Owens Sales, Inc., a separate entity. Wayne Circuit Court, John
D. O'Hair, J., accepted Sentry's argument that it need not
provide coverage because the car was not owned or registered
by Mrs. Yopp's employer and granted summary judgment.
Plaintiff appeals. *Held:*

An owner of a motor vehicle, as defined in the Michigan
Vehicle Code, is any person renting a motor vehicle or having
exclusive use thereof, under a lease or otherwise, for a period

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statute § 189.
[2] 7 Am Jur 2d, Automobile Insurance §§ 1, 6.
[3] Am Jur New Topic Service, No-Fault Insurance § 1.
[4] Am Jur New Topic Service, No-Fault Insurance § 14.
[5] Am Jur New Topic Service, No-Fault Insurance § 8.
[6, 7] Am Jur New Topic Service, No-Fault Insurance § 4.

greater than 30 days. This provision may be read into the no-fault act to determine priorities between insurance companies. Therefore, if State Farm can show that Mrs. Yopp's employers, Mr. and Mrs. Owens, had exclusive use of the auto in which Mrs. Yopp was injured for a period greater than 30 days, the employer-furnished vehicle exception to the no-fault act could apply and State Farm would be entitled to recover from Sentry Insurance the money paid to Mrs. Yopp under her policy with State Farm.

Reversed and remanded.

1. STATUTES — CONSTRUCTION — IN PARI MATERIA.

Statutes may be construed as *in pari materia* if they relate to the same person or thing, or the same class of persons or things, or if the statutes have a common purpose.

2. AUTOMOBILES — NO-FAULT INSURANCE — MICHIGAN VEHICLE CODE — DEFINITION OF OWNER — PRIORITIES BETWEEN COMPANIES — STATUTES.

The Michigan Vehicle Code definition of owner: "any person * * * renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days", may be read into the no-fault act to determine priorities between insurance companies (MCL 257.37; MSA 9.1837).

3. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PURPOSE OF THE ACT — STATUTES.

The basic requirement of the automobile no-fault insurance act is that all vehicles be covered by a policy providing no-fault benefits when a vehicle is operated within this state (MCL 500.3101; MSA 24.13101).

4. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — RECOVERY FOR INJURIES — STATUTES.

Generally, where an individual is injured in an accident involving a motor vehicle, he will recover under his own insurance policy, whether his vehicle was involved in the accident or not (MCL 500.3114[1]; MSA 24.13114[1]).

5. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — OWNERSHIP EXCEPTIONS — COMMERCIAL VEHICLES — STATUTES.

The statutory scheme of creating exceptions to the "owner" provisions of the no-fault act in commercial situations shows a legislative intent to place the burden of providing no-fault benefits on the insurers of commercial vehicles, rather than on

the insurers of an injured individual (MCL 500.3114[1], [2], [3]; MSA 24.13114[1], [2], [3]).

6. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — OWNERS OR REGISTRANTS — REQUIRED SECURITY — STATUTES.

Each "owner or registrant" is not required to have a separate policy covering his vehicle to avoid being guilty of a misdemeanor; the required security is satisfied where there is a policy which, in fact, covers the vehicle (MCL 500.3102[2]; MSA 24.13102[2]).

7. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — REQUIRED SECURITY — STATUTES.

A vehicle is, in fact, insured and is not uninsured within the meaning of the no-fault act where there is a policy in effect which covers it (MCL 500.3101, 500.3177; MSA 24.13101, 24.13177).

*Eggenberger, Eggenberger, McKinney & Weber,* for plaintiff.

*Moore, Sills, Poling, Wooster, Sinn & Taylor, P.C.* (by *James M. Prahler*), for defendant.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and BASHARA, JJ.

T. M. BURNS, J. This case concerns the interpretation of the phrase "motor vehicle owned or registered by the employer" as used in § 3114(3) of the no-fault automobile insurance chapter. MCL 500.3114(3); MSA 24.13114(3). The parties are insurance companies and cannot agree on which of them should provide first-party benefits on the facts of this case.

On January 8, 1974, Mrs. Geneva Yopp was injured in an automobile accident. The car she was driving had been furnished by Mr. or Mrs. Robert Owens. Mrs. Yopp was working in the Owens home as a nurse at the time of the accident and was using the Owens car. The registered title

holder of the car was Bob Owens Sales, Inc. Mr. Owens was the general manager of this concern. The car involved in the accident had been used for some time as a second family car by Mrs. Owens personally, and not as part of the business operation. Sentry Insurance had issued a no-fault policy covering this vehicle in the name of Bob Owens Sales, Inc.

State Farm had issued a policy covering a car owned by Mrs. Yopp. That car was not involved in the accident. State Farm paid no-fault benefits to Mrs. Yopp under that policy, MCL 500.3114(1); MSA 24.13114(1), when Sentry denied coverage. State Farm then sued Sentry to recover the amount paid. State Farm alleged that at the time of the accident, Mrs. Yopp was an "occupant of a motor vehicle owned or registered by the employer" and that she was entitled to benefits "from the insurer of the furnished vehicle" under § 3114(3). That subsection provides:

"An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle."[1]

Sentry moved for summary judgment claiming that Mrs. Yopp was employed by Mr. and Mrs. Owens personally and that the car was owned and registered by Bob Owens Sales, Inc., a separate entity. The trial court accepted Sentry's argument that it need not provide coverage because the car was not owned or registered by Mrs. Yopp's em-

[1] This subsection was amended by 1977 PA 53 but the amendment does not effect the issue in this case.

ployer and granted the summary judgment. State Farm appeals and we reverse.

Although the phrases "owned or registered" and "owner or registrant" are used throughout the no-fault chapter, they are not defined in the Insurance Code. State Farm argues that the definition of owner found in the Michigan Vehicle Code should be used. As relevant here, that statute provides:

" 'Owner' means: (a) Any person * * * renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days." MCL 257.37; MSA 9.1837.

State Farm argues that the definitional statute, which is part of the Michigan Vehicle Code,[2] should be construed *in pari materia* with the relevant section of the no-fault act which is part of the Insurance Code.[3] It alleges that Mrs. Owens was an owner of the car under this definition and therefore Sentry should have provided no-fault benefits to Mrs. Yopp under the policy covering that car.

Statutes may be construed as *in pari materia* if they relate to the same person or thing, or the same class of persons or things, or if the statutes have a common purpose. *Detroit v Michigan Bell Telephone Co,* 374 Mich 543, 558; 132 NW2d 660 (1965), *app dis* and *cert den,* 382 US 107; 86 S Ct 256; 15 L Ed 2d 191 (1965). In this case the statutes relate to the same thing, who is the owner of a particular motor vehicle.

We agree that the definition of owner in the Michigan Vehicle Code may be read into the no-

---

[2] MCL 257.1 *et seq.;* MSA 9.1801 *et seq.*

[3] MCL 500.100 *et seq.;* MSA 24.1100 *et seq.*

fault chapter to determine priorities between insurance companies. If State Farm can show that Mrs. Yopp's employers, Mr. or Mrs. Owens, had exclusive use of the auto in which she was injured for a period greater than 30 days it will be entitled to recoup the money it paid Mrs. Yopp under her own policy from the insurer of that vehicle. Section 3114 of the no-fault chapter expressly provides for this priority.

This interpretation follows the scheme of the no-fault chapter. The basic requirement of the act is that all *vehicles* be covered by a policy providing no-fault benefits when the vehicle is operated within this state. MCL 500.3101; MSA 24.13101. When an individual is injured in an accident involving a motor vehicle he will generally recover under his own policy, whether his vehicle was involved in the accident or not. MCL 500.3114(1); MSA 24.13114(1). The exceptions to the general rule are set out in subsections (2) and (3) of § 3114. The employer-furnished vehicle exception could apply to this case if the facts are as alleged by State Farm.

The exceptions in § 3114(2) and (3) relate to "commercial" situations. It was apparently the intent of the Legislature to place the burden of providing no-fault benefits on the insurers of these motor vehicles, rather than on the insurers of the injured individual. This scheme allows for predictability; coverage in the "commercial" setting will not depend on whether the injured individual is covered under another policy. A company issuing insurance covering a motor vehicle to be used in a (2) or (3) situation will know in advance the scope of the risk it is insuring. The benefits will be speedily paid without requiring a suit to determine which of the two companies will pay what is

admittedly due by one of them.[4] Giving "owner" the expansive interpretation accorded it in the Michigan Vehicle Code fulfills the purposes just discussed by eliminating disputes based on technical questions of title.

We cannot find Sentry's arguments against this interpretation persuasive. It contends that if we give "owner" an expansive reading in this context we will increase the number of individuals subject to criminal liability under § 3102(2) and the class of uninsured motorists under § 3177.

MCL 500.3102(2); MSA 24.13102(2), insofar as it is relevant to this argument provides:

"An owner or registrant of a motor vehicle with respect to which security is required who operates the motor vehicle or permits it to be operated upon a public highway in this state without having in full force and effect security complying with this section or sections 3101 or 3103 is guilty of a misdemeanor."

This subsection does not mean that each "owner" or "registrant" must have a separate policy covering the vehicle, but only that there must be *a* policy covering the vehicle. In this case that policy was obtained by the registered title holder, Bob Owens Sales, Inc. Neither Mr. nor Mrs. Owens is criminally liable under this section because the vehicle was, in fact, covered by the required security.

The same analysis applies to the argument based on § 3177. MCL 500.3177; MSA 24.13177 provides in relevant part:

---

[4] The same scheme of priorities and exceptions is employed in the Uniform Motor Vehicle Accident Reparations Act, although the language is much clearer. See, UMVARA § 4 and commissioner's comments, 13 ULA (Master ed), pp 368-371.

"An uninsured motor vehicle for the purpose of this section is a motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident."

There was a policy in effect at the time of this accident and therefore, the motor vehicle was not uninsured within the meaning of the act. Even though the policy was not obtained by Mrs. Yopp's employers, it still covered this accident because that is what is required by § 3101.

The circuit court erred in construing the term owner as relating only to technical concepts of title. The summary judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion. No costs, construction of a statute being involved.