DOSS v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 79298. Submitted April 16, 1985, at Detroit.—Decided
    October 21, 1985.

    William L. Doss, Jr., rented an automobile which was covered by
        an insurance policy provided by Liberty Mutual Insurance
        Company. Under the terms of the rental agreement and the
        insurance policy, coverage provided by the policy was to be, to
        the extent permitted by law, primary with respect to any other
        insurance available to the customer or any other person pro-
        vided for in the rental agreement. Doss died in an accident
        while driving the rented vehicle. At the time of the accident
        Doss owned an automobile which was insured by Citizens
        Insurance Company of America. Doss's son, William L. Doss,
        III, filed suit against Citizens Insurance Company of America
        and against Mary Lou Doss, his father's widow, in Wayne
        Circuit Court seeking an injunction restraining and prohibiting
        the distribution of insurance funds pending a determination by
        the court as to who was entitled to the proceeds and in what
        amounts. Citizens filed a third-party complaint against Liberty
        Mutual Insurance Company, alleging that under the terms of
        the rental agreement and Liberty Mutual's insurance policy
        Liberty Mutual was primarily liable for any and all no-fault
        benefits owed to the survivors of William Doss, Jr., and seeking
        indemnification or contribution from Liberty Mutual for any
        benefits Citizens might be required to pay. The plaintiff and
        defendants subsequently entered into a stipulation whereby the
        principal action would be discontinued upon payment by Citi-
        zens of certain amounts to William L. Doss, III and Mary Lou
        Doss. Liberty Mutual then moved for summary judgment as to
        Citizen's third-party claim on the ground that Citizens was
        statutorily liable for payment of the benefits. Citizens also
        moved for summary judgment, arguing that Liberty Mutual
        had contracted to be primarily liable for any and all no-fault
        benefits and that the contractual liability should take prece-

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Automobile Insurance §§ 340-368, 437.

Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

dence over Citizen's statutory liability. The court, Charles S. Farmer, J., granted summary judgment in favor of Citizens. Liberty Mutual appealed. *Held:*

Liberty Mutual's assumption of primary responsibility to provide the benefits at issue does not directly conflict with the no-fault act, and there is no reason why Liberty Mutual, which expressly contracted to provide primary coverage, should not be bound by that contract.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — PRIORITY AMONG INSURERS — CONTRACTUAL ASSUMPTION OF LIABILITY.

An insurance company providing no-fault coverage for an automobile rental agency can contractually assume primary responsibility for payment of no-fault benefits to persons injured as a result of the operation of a rented vehicle and, having done so, cannot avoid that liability by arguing that the no-fault act makes the insurer of a customer's personal automobile primarily responsible for payment of no-fault benefits (MCL 500.3114; MSA 24.13114).

*Mellon & McCarthy* (by *Daniel J. McCarthy* and *Steve J. Weiss),* for Citizens Insurance Company of America.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C.* (by *James L. Borin),* and *James G. Gross,* of counsel, for Liberty Mutual Insurance Company.

Before: D. E. HOLBROOK, JR., P.J., and BEASLEY and C. W. SIMON,* JJ.

C. W. SIMON, J. Third-party defendant Liberty Mutual Insurance Company appeals as of right from an order which granted summary judgment to the defendant/third-party plaintiff Citizens Insurance Company of America. The issue on appeal is whether an insurance company which would not be the primary insurer under the priority provisions of the no-fault statute can contract to provide primary coverage.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The facts are not in dispute. William Doss, Jr., owned a car which was covered under a no-fault policy issued by Citizens. Doss rented a vehicle from Wheeler Motor Sales, which was covered by an insurance policy provided by Liberty Mutual. On November 30, 1982, Doss died in an accident while driving the leased vehicle.

The present dispute is between the insurers. The question is which insurance company is responsible for paying survivors' loss benefits. The no-fault statute section dealing with priority among insurers, MCL 500.3114; MSA 24.13114, provides in relevant part as follows:

"(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. * * *

\* \* \*

"(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied."

The priority provisions of the no-fault statute are designed, at least in part, to ensure that adequate and prompt compensation is provided to accident victims. *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565, 575; 357 NW2d 652 (1984). In the present situation, there is no doubt that the losses will be compensated. The question, reduced to its essence, is whether Liberty

Mutual was permitted to contract to provide primary coverage.

The rental agreement between Doss and Wheeler Motor Sales included the following provision:

"Vehicle Insurance. Licensee [Wheeler] provides insurance coverage for persons using the Vehicle with the permission of the Licensee as provided for in Paragraph 1 hereof, (and not otherwise) in accordance with the standard provisions of an automobile liability insurance policy with limits of $100,000 for injury or death of any one person, $300,000 for injuries or death in any one accident and $25,000 in the case of a car and $50,000 in the case of a truck for property damage in any one accident. *To the extent permitted by law, coverage hereunder is primary with respect to any other insurance which may be available to Customer* or any of the persons provided for in Paragraph 1 hereof, *and shall automatically conform to the requirements of any so-called 'No-Fault' law which may be applicable.*" (Emphasis added.)

The insurance referred to in the rental agreement was provided by Liberty Mutual via an amendatory endorsement to the policy issued to Wheeler which provided as follows:

"1. The insurance provided by this policy for the lessee, rentee, its servants, agents, or employees or those using the automobile with or without the permission of the lessee or rentee or persons alledged [sic] to be legally responsible for the use of the automobile is subject to the terms, including any limit of liability, conditions, restrictions, and limitations contained in the lease or rental agreement, providing our undertaking under this policy is not enlarged or extended."

Liberty Mutual's assumption of primary responsibility to provide the benefits in question does not directly conflict with the statute. The goal of the

statute, to provide accident victims with prompt and adequate compensation, is accomplished no matter which insurer pays the claim for survivors' loss benefits. We see no reason why Liberty Mutual, which expressly contracted to provide primary coverage, should not be bound by that contract. Accordingly, the lower court did not err in determining that Liberty Mutual was the primary carrier and in granting summary judgment to Citizens.

Affirmed.