JASINSKI v NATIONAL INDEMNITY INSURANCE COMPANY

Docket No. 83455. Submitted February 5, 1986, at Grand Rapids. Decided May 20, 1986.

Newell Snyder leased a tractor he owned to E. T. VanderArk & Son, Inc., to be used in connection with VanderArk's trailer and to be operated by Snyder's employee, Raymond Jasinski. Under the terms of the lease agreement, Snyder was to provide insurance on the tractor, which he obtained from National Indemnity Insurance Company. VanderArk's trailer was insured by American Universal Insurance Company. After delivering a load of frozen chickens on VanderArk's trailer pulled by Snyder's tractor, Jasinski, in the course of alighting from the tractor, slipped and fell from the running board, made slippery by chicken fat. Jasinski obtained personal protection insurance benefits from National Indemnity, which paid under protest. Jasinski subsequently sought benefits for additional months, but National Indemnity refused to pay. Jasinski then commenced an action in Kent Circuit Court against National Indemnity. Jasinski later amended his complaint to add American Universal, the insurer of the trailer, as a defendant. National Indemnity cross-claimed against American Universal seeking reimbursement for the benefits it paid to Jasinski. Both insurance companies filed motions for summary judgment claiming they were not liable to Jasinski for benefits. The circuit court, George V. Boucher, J., granted summary judgment in favor of American Universal against Jasinski and National Indemnity and denied National Indemnity's motion. National Indemnity appealed, arguing that American Universal is liable for Jasinski's benefits because (1) the policy issued by American Universal to VanderArk covered the tractor, and (2) Jasinski's injuries arose out of the use of the trailer. *Held:*

1. The insurance policy issued by American Universal to

REFERENCES

Am Jur 2d, Automobile Insurance §§ 341-344, 351-356.

Am Jur 2d, Summary Judgment §§ 11-13, 26 *et seq.*

What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

VanderArk provided liability insurance coverage for "owned autos" and personal injury protection for "owned autos subject to no-fault." However, the tractor was not on the list of VanderArk's "owned autos" contained in American Universal's policy. VanderArk did not "own" the tractor by virtue of a Michigan Vehicle Code provision that defines "owner" as one who rents a motor vehicle or has the exclusive use thereof, under a lease or otherwise, for a period of greater than thirty days. MCL 257.37. Therefore, the tractor was not insured under the policy issued by American Universal.

2. The tractor and trailer are two separate motor vehicles within the meaning of the no-fault act. National Indemnity's argument that American Universal, as insurer of the trailer, was liable for injuries arising out of the tractor-trailer as a whole was found by the Court of Appeals to be without merit.

3. Jasinski sustained his injury while alighting from the parked tractor and not from loading or unloading property from the trailer. Therefore, National Indemnity was the insurer liable for personal protection benefits, not American Universal.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUES OF MATE-
    RIAL FACT — COURT RULES.
    A motion for summary judgment based on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law tests whether there is factual support for a claim; the court, when passing upon such motion, must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it (GCR 1963, 117.2[3], now MCR 2.116[C][10]).

2. INSURANCE — NO-FAULT INSURANCE — STATUTES.
    The basic requirement of the automobile no-fault insurance act is that all vehicles be covered by a policy providing no-fault benefits when operated within this state (MCL 500.3101; MSA 24.13101).

3. INSURANCE — NO-FAULT INSURANCE — STATUTES.
    Each "owner or registrant" is not required to have a separate policy covering his vehicle to avoid being guilty of a misdemeanor; the required security is satisfied where there is a policy which, in fact, covers the vehicle (MCL 500.3102[2]; MSA 24.13102[2]).

4. INSURANCE — NO-FAULT INSURANCE — SEMI-TRAILERS.
    A semi-trailer is a separate and distinct motor vehicle within the

meaning of the automobile no-fault insurance act even where it is attached to a tractor (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

5. Insurance — No-Fault Insurance — Personal Protection Benefits — Parked Vehicles.

An operator of a semi-trailer, who, while alighting from a parked tractor, sustains bodily injury as a result of slipping on the running board of the tractor, made slippery by the nature of the cargo in the trailer, may, as a matter of law, be eligible for personal protection benefits only under the tractor's no-fault insurance policy (MCL 500.3106[1][c]; MSA 24.13106[1][c]).

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for National Indemnity Insurance Company.

*Farr & Oosterhouse* (by *Steven L. Skahn*), for American Universal Insurance Company.

Before: Danhof, C.J., and R. M. Maher and J. C. Kingsley,* JJ.

Per Curiam. National Indemnity Insurance Company appeals as of right from an order granting American Universal Insurance Company's motion for summary judgment. This cause of action involves a dispute over which insurance company is liable for payment of no-fault benefits to plaintiff for injuries sustained when he slipped and fell while alighting from the cab of a tractor-trailer.

The tractor is owned by plaintiff's employer, Newell Snyder. Snyder leased the tractor to E. T. VanderArk & Son, Inc., for a six-month period, to be used in connection with VanderArk's trailer and to be operated by plaintiff. The lease agreement provided that Snyder, the lessor, would provide public liability, property damage, collision

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and extended coverage insurance on the tractor.[1] Snyder obtained a policy of insurance on the tractor from National Indemnity. VanderArk's trailer was insured by American Universal.

On May 18, 1982, plaintiff delivered and unloaded a cargo of frozen chickens. He then proceeded to a truck stop for refueling. As he was alighting from the cab of the tractor at the truck stop, he slipped on the running board of the tractor, fell, and injured his ankle.

Pursuant to MCL 500.3114(3); MSA 24.13114(3),[2] plaintiff sought personal protection insurance benefits from National Indemnity, the insurer of the tractor. National Indemnity paid, under protest, $13,409.89 in benefits from May 24, 1982, to November 14, 1983. Plaintiff sought benefits for an additional seventeen months which National Indemnity refused to pay. On February 21, 1984, plaintiff commenced the instant action against National Indemnity, and on June 19, 1984, filed an amended complaint adding American Universal as a defendant. National Indemnity cross-claimed

[1] In *Doss v Citizens Ins Co*, 146 Mich App 510; 381 NW2d 409 (1985), this Court held that an insurer which expressly contracts to provide primary no-fault coverage cannot avoid that liability by arguing that the priority scheme of the no-fault act renders another insurer responsible for payment of no-fault benefits. *Doss* is not dispositive herein. First, this case does not involve a priority dispute among insurers. At issue in this case is whether American Universal is an insurer of the tractor. Second, National Indemnity did not contract so as to expand its liability. Rather, Snyder, the lessor of the tractor, contracted to obtain insurance on the tractor.

[2] MCL 500.3114(3); MSA 24.13114(3) provides:

An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from *the insurer of the furnished vehicle*. [Emphasis added.]

Since plaintiff was injured while an occupant of a motor vehicle owned by his employer, he sought personal protection benefits for National Indemnity, the insurer of the tractor.

against American Universal seeking reimbursement of the $13,409.89 in benefits paid to plaintiff.

Both insurance companies filed motions for summary judgment claiming that they were not liable for plaintiff's benefits. At a hearing held on January 11, 1985, and in an order dated January 25, 1985, the trial court granted summary judgment in favor of American Universal against plaintiff and National Indemnity. National Indemnity's motion was denied. The only issue on appeal is whether the trial court erred in granting American Universal summary judgment on National Indemnity's claim for reimbursement.[3] National Indemnity states two bases for its argument that American Universal is liable for plaintiff's personal injury benefits: (1) the policy issued by American Universal to VanderArk covers the tractor, and (2) plaintiff's injuries arose out of the use of the trailer.

American Universal's motion for summary judgment was brought under GCR 1963, 117.2(3), now MCR 2.116(C)(10). A motion for summary judgment on the ground that there is no genuine issue of material fact tests whether there is factual support for the claim. When passing upon a motion based on rule 117.2(3), the court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Longley v Blue Cross & Blue Shield of Michigan,* 136 Mich App 336; 356 NW2d 20 (1984).

It is undisputed that the National Indemnity policy of insurance covered the tractor. The policy, however, contained the following exclusionary clause:

---

[3] On February 19, 1985, a stipulation and order were entered, dismissing plaintiff's claims against both defendants pursuant to settlement. The order stated that the dismissal would not prejudice National Indemnity's claim against American Universal.

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, Property Damage Liability, Personal Injury Protection and Property Protection Insurance applies subject to the following provisions:

1. such insurance only applies to the named insured.

2. such insurance does not apply during such time as the automobile is used for transporting goods or merchandise, or while such goods or merchandise is being loaded or unloaded from the insured automobile.

3. such insurance does not apply while the power unit (tractor) is used for the towing or transporting of any trailer or semi-trailer, or while the power unit is in the process of having a trailer or semi-trailer attached to or detached from it, unless such trailer of semi-trailer is owned by the named insured and specifically described in this policy.

4. such insurance does not apply during such time as the named insured is operating, maintaining or using the automobile for or on behalf of any person or organization.

5. such insurance does not apply during such time as the named insured is acting as an agent or employee of any person or organization.

provided, however, such person or organization has provided other valid and collectible insurance, whether primary, excess or contingent in accordance with chapter 31 of the Michigan Insurance Code.

National Indemnity construes the clause as follows:

In the absence of ["other valid and collectible insurance, whether primary, excess or contingent"] the exclusions were ineffective to negate the existence of coverage; but on the other hand, if such insurance was available then the National Indemnity policy would provide no coverage for an in-

jury to which one or more of the foregoing conditions was applicable.

Since American Universal does not challenge National Indemnity's interpretation of the clause, the only issue to be resolved is whether the American Universal policy of insurance covered the tractor so as to trigger the application of the exclusionary clause and relieve National Indemnity of liability for paying plaintiff's personal protection insurance benefits.

The policy of insurance issued to VanderArk by American Universal provides liability insurance for "owned autos" (autos owned by VanderArk) and personal injury protection for "owned autos subject to no-fault." Item 4 of the policy lists the "owned autos" and does not include the tractor herein. National Indemnity argues that VanderArk "owns" the tractor by virtue of § 37 of the Michigan Vehicle Code, which defines an owner as:

> Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days. [MCL 257.37; MSA 9.1837.]

In *State Farm Mutual Automobile Ins Co v Sentry Ins Co,* 91 Mich App 109, 113-114; 283 NW2d 661 (1979), lv den 407 Mich 911 (1979), this Court held that the definition of owner in § 37 of the Michigan Vehicle Code may be construed *in pari materia* with the no-fault chapter to determine priorities between insurance companies. The basic requirement of the no-fault act is that all vehicles be covered by a policy providing no-fault benefits. *State Farm, supra,* p 114. Section 3101 of the act requires the owner or registrant of a motor

vehicle to maintain security for payment of benefits under personal protection insurance.[4] Section 3102(2) makes it a misdemeanor to fail to provide such security.[5] This does not mean, however, that each owner or registrant must have *a* separate policy covering the vehicle, but only that there be a policy covering the vehicle. *State Farm, supra,* p 115.

In this case, the no-fault act has been satisfied because Snyder, the titled owner of the tractor, maintained security for payment of no-fault benefits as required by the lease agreement. For this reason, we do not believe VanderArk was also required to maintain insurance on the tractor nor did the parties so contemplate. Likewise, we do not believe the definition of "owner" within the vehicle code should be read into the American Universal insurance policy so as to construe American Universal as an insurer of the tractor within the meaning of MCL 500.3114(3); MSA 24.13114(3).

The tractor and trailer are two separate motor vehicles within the meaning of the no-fault act. *Citizens Ins Co of America v Roadway Express, Inc,* 135 Mich App 465; 354 NW2d 385 (1984), lv den 421 Mich 857 (1985); *Kelly v Inter-City Trucklines, Inc,* 121 Mich App 208; 328 NW2d 406 (1982). Thus, National Indemnity's argument that American Universal, as insurer of the trailer, was

---

[4] MCL 500.3101(1); MSA 24.13101(1) provides:

The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle.

[5] MCL 500.3102(2); MSA 24.13102(2) provides:

An owner or registrant of a motor vehicle with respect to which security is required who operates the motor vehicle or permits it to be operated upon a public highway in this state without having in full force and effect security complying with this section or section 3101 or 3103 is guilty of a misdemeanor.

liable for injuries arising out of the use of the tractor-trailer as a whole is without merit.

National Indemnity also argues that plaintiff's injury arose out of the use of the trailer because:

> [Plaintiff], the only witness to his accident, gave undisputed testimony that he slipped off the step of his [tractor] because it was coated with chicken fat which had its origin in the cargo of frozen chickens he had unloaded [from the trailer] just prior to the accident.

National Indemnity argues that because chicken fat from the cargo of frozen chickens unloaded from the trailer was a *cause* of plaintiff's fall from the tractor, plaintiff must look to the insurer of the trailer for no-fault benefits. We disagree.

Section 3106(1)(b) of the no-fault act makes compensable injuries which are a direct result of physical contact with property being lifted onto or lowered from the parked vehicle in the loading or unloading process.[6] *Celina Mutual Ins Co v Citizens Ins Co,* 136 Mich App 315, 319; 355 NW2d 916 (1984). Whether or not what occurred comes

---

[6] MCL 500.3106; MSA 24.13106 provides:

(1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

(b) Except as provided in subsection (2), the injury was a direct result of physical contact with the equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

(2) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan

within the insurance coverage of "loading or unloading" is a question of law and is properly brought into issue by a motion for summary judgment. *Dembinski v Aetna Casualty & Surety Co,* 76 Mich App 181; 256 NW2d 69 (1977). In this case, there is no question that the unloading process had been completed when plaintiff's injury occurred. Although the unloading of the frozen chickens from the trailer may have caused plaintiff to get chicken fat on his shoes, the accident which caused plaintiff's injury was a slip and fall on the step of the tractor. Plaintiff's accidental bodily injury did not arise out of the ownership, operation, maintenance or use of the parked trailer as a motor vehicle. Rather, plaintiff's accidental bodily injury was sustained while alighting from the tractor. MCL 500.3106(1)(c); MSA 24.13106(1)(c).

In summary, we hold that the trial court properly granted summary judgment in favor of American Universal against plaintiff and National Indemnity. Plaintiff's accidental bodily injury arose out of the operation or use of a parked tractor as a motor vehicle because plaintiff was alighting from the cab of the tractor when he slipped and fell. American Universal was not the insurer of the tractor and was not liable for personal protection benefits to which plaintiff is entitled. American Universal was entitled to judgment as a matter of law. There being no other valid and collectible insurance, the exclusionary clause of the National Indemnity policy is not triggered and National Indemnity is liable for plaintiff's personal protection benefits.

Affirmed.

Compiled Laws, are available to an employee who sustains the injury in the course of his or her employment while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle.