*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

ANA MARIA SANDOVAL,

        Plaintiff-Appellee,

v

FARMERS INSURANCE EXCHANGE, HENRY
FORD HEALTH SYSTEM, and VLADIMIR
BOSHEVSKI,

        Defendants-Appellees,

and

ZURICH AMERICAN INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
May 09, 2025
12:15 PM

No. 361166
Wayne Circuit Court
LC No. 20-009792-NF

---

TOX TESTING INC doing business as PARAGON
DIAGNOSTICS, PRO TOXICOLOGY TESTING,
and DETROIT METRO RX (ANA SANDOVAL),

        Plaintiffs-Appellees,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee,

and

ZURICH AMERICAN INSURANCE COMPANY,

        Defendant-Appellant.

No. 361176
Wayne Circuit Court
LC No. 20-014589-NF

---

ON REMAND

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this consolidated appeal for no-fault benefits,[1] defendant Zurich American Insurance Company appeals as of right the April 5, 2022 stipulated orders of dismissal as to Zurich and defendants, Henry Ford Health System (HFHS) and Vladimir Boshevski,[2] in these personal insurance protection (PIP) benefit actions.[3] On appeal, however, Zurich is only challenging the trial court's July 2021 order granting defendant Farmers Insurance Exchange's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and the October 2021 order denying Zurich's motion for reconsideration. That motion for summary disposition concerned solely a priority dispute between Farmers and Zurich. The trial court's ruling on the motion turned on whether the shuttle bus involved in the at-issue accident was "operated in the business of transporting passengers" under MCL 500.3114(2). The trial court ruled that there was no question of material fact that the shuttle bus was operated in the business of transporting passengers, and accordingly granted Farmers's motion for summary disposition. Zurich and the remaining defendants eventually reached a settlement with plaintiffs and agreed to a stipulated order of dismissal.

Zurich now argues that the trial court erred by granting Farmers's motion for summary disposition, and that Zurich was actually entitled to summary disposition. We agree that the trial court erred by granting summary disposition in favor of Farmers because questions of material fact remain whether the shuttle bus was operated in the business of transporting passengers. But, we disagree that Zurich was entitled to summary disposition. Farmers's dispositive motion was granted before discovery was complete, and further discovery stands a fair chance of uncovering additional facts that could aid either party opposing the other's motion for summary disposition. Accordingly, on remand we reverse the trial court's order granting Farmers's motion for summary disposition and remand for further proceedings.

---

[1] On January 17, 2023, we consolidated Docket Nos. 361166 and 361176. *Sandoval v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered January 17, 2023 (Docket No. 361166); *Tox Testing Inc v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered January 17, 2023 (Docket No. 361176).

[2] Defendants Zurich, HFHS, and Boshevski will be referred to as "defendants" when discussed jointly, or by their proper names, as appropriate, for purposes of identification when the facts dictate.

[3] In January 2024, we determined that this Court lacked jurisdiction over this appeal. *Sandoval v Farmers Ins Exch*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket Nos. 361166 and 361176); slip op at 5-6, vacated ___ NW3d ___ (Mich, 2025). In March 2024, our Supreme Court vacated this Court's judgment and remanded this case for reconsideration. As the jurisdictional issue has been resolved, we will now address Zurich's summary-disposition argument.

-2-

## I. BACKGROUND

HFHS owns 12 shuttle buses, and operates its shuttle-bus system within one square mile. The shuttle buses primarily transport employees and patients between HFHS's buildings and parking lots. There is an express shuttle running from 6:30 a.m. to 4:30 p.m., a morning parking-lot shuttle running from 5:30 a.m. to 9:00 p.m., and a general parking-lot shuttle running from 8:30 a.m. to 10:00 p.m. Riding a shuttle bus is free.

In October 2019, plaintiff Ana Sandoval was riding as a passenger in a shuttle bus owned and operated by HFHS, driven by Boshevski, and insured by Zurich. When Boshevski made a turn, Sandoval's wheelchair came loose, and she fell onto the floor, sustaining injuries. After the accident, Sandoval submitted a claim for PIP benefits through the Michigan Assigned Claims Plan (MACP), which assigned Farmers as the servicing insurer for her claim.

Sandoval subsequently filed suit against Farmers alleging that it unlawfully refused to pay her no-fault benefits under Michigan's no-fault act, MCL 500.3101 *et seq*. Sandoval also assigned and transferred her rights and interests to plaintiffs Tox Testing, Inc. (doing business as Paragon Diagnostics), Pro Toxicology Testing, and Detroit Metro RX, who in turn filed suit against Farmers in a separate action.

As relevant to this appeal, Farmers asserted in both actions that it was not responsible for payment of Sandoval's no-fault benefits because HFHS's no-fault insurer was a higher-priority insurer. Sandoval thereafter moved to amend her pleading to add claims against Zurich, HFHS, and Boshevski, and the trial court granted the motion. As relevant to this appeal, Zurich, like Farmers, asserted in response to Sandoval's complaint that it was not the highest priority insurer.

Farmers moved for summary disposition under MCR 2.116(C)(10), claiming that Sandoval was not eligible for no-fault benefits through the MACP because she was entitled to no-fault benefits from a different source—Zurich. According to Farmers, Zurich, as HFHS's insurer, was required to pay Sandoval's no-fault benefits under MCL 500.3114(2) because Sandoval was injured while "a passenger of a motor vehicle operated in the business of transporting passengers." Farmers further argued that the exception for nonprofits in MCL 500.3114(2)(d) did not apply because Sandoval was not entitled to PIP benefits under any other policy.

In response, Zurich generally objected to the motion because it only recently had been added to the lawsuit, discovery was ongoing, and Zurich believed that additional discovery was necessary to "formulate a more thorough response to" Farmers's motion. Addressing the substance of Farmers's motion, Zurich argued that the shuttle bus was not operated in the business of transporting passengers under MCL 500.3114(2) because the shuttle-bus service was an incidental or small part of HFHS's primary business function of operating a healthcare system.

In July 2021, after conducting two hearings, the trial court entered an order granting Farmers's motion for summary disposition, and accordingly dismissed all claims against Farmers without prejudice. The order stated "**IT IS FURTHER ORDERED** that this Order does not resolve the last pending claim and does not close the case." Zurich moved for reconsideration, which the trial court denied in October 2021.

On April 5, 2022, after a settlement was reached, the trial court entered two stipulated orders dismissing the remaining defendants, including Zurich. The second order stated that it resolved the last pending claim and closed the consolidated cases, but did not indicate that Zurich reserved a right to appeal the order.

These appeals followed.

## A. INITIAL APPEAL AND REMAND

In April 2022, Zurich filed a claim of appeal regarding the trial court's order granting Farmers's motion for summary disposition. In May 2022, the Chief Judge of the Court of Appeals dismissed Zurich's appeals under MCR 7.203(F)(1) "for a lack of jurisdiction because the April 5, 2022 judgment is a consent judgment and does not include any provision allowing for an appeal as to certain issues." *Sandoval v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered May 3, 2022 (Docket No. 361166); *Sandoval v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered May 3, 2022 (Docket No. 361176). Zurich moved for reconsideration under MCR 7.215(I),[4] claiming that this Court had jurisdiction because Zurich did not stipulate to the trial court's ruling on Farmers's motion for summary disposition, and Zurich is an aggrieved party to the order granting Farmers's motion for summary disposition. This Court granted Zurich's motion for reconsideration and reinstated its appeals. *Sandoval v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered July 1, 2022 (Docket No. 361166); *Sandoval v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered July 1, 2022 (Docket No. 361176).

On January 25, 2024, in a 2-1 decision, the Court determined it lacked jurisdiction over this appeal because Zurich stipulated to the final order in this case without reserving the right to challenge an earlier order. *Sandoval v Farmers Ins Exch*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket Nos. 361166 and 361176); slip op at 5-6, vacated ___ NW3d ___ (Mich, 2025). Judge O'BRIEN dissented, concluding that this Court had jurisdiction to hear this appeal because Zurich in no way assented to the complained-of injury in the stipulated order; therefore, the complained-of injury was not necessarily the result of Zurich's own actions, and Zurich was an "aggrieved party" for purposes of MCR 7.203(A). *Id*. at ___ (O'BRIEN, J., dissenting); slip op at 8-9.

In March 2024, Zurich applied for leave to appeal in the Michigan Supreme Court. On March 28, 2025, our Supreme Court considered the application and stated that a conflict panel had since determined that this case was incorrectly decided because " 'an aggrieved party may raise on appeal issues arising from an earlier order relating to one party even if a later, stipulated final order of dismissal as to another party does not contain a reservation of the right to claim an appeal from the earlier order . . . .' " *Sandoval v Farmers Ins Exch*, ___ Mich ___, ___; ___NW3d ___ (2024) (Docket Nos. 166780 and 166781); slip op at 2, quoting *Jaber v P & P Hospitality, LLC*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket No. 363572); slip op at 11-12. Accordingly, the Michigan Supreme Court vacated this Court's prior judgment and remanded this

---

[4] Actually, MCR 7.203(F)(2) is the proper court rule for a motion for reconsideration of an order under MCR 7.203(F)(1).

case for reconsideration. As the jurisdictional issue has been resolved, we will now address Zurich's summary-disposition argument.

## II. SUMMARY DISPOSITION

On appeal, Zurich argues that the trial court erred by granting Farmers motion for summary disposition because there is, at the very least, a genuine issue of material fact as to whether Farmers is the highest priority insurer under MCL 500.3114. We agree.

## A. STANDARDS OF REVIEW

We review "de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted). "De-novo review means that we review the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted). A motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (citation omitted; alteration in original). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citations omitted).

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 684 n 4; 965 NW2d 707 (2020) (quotation marks and citation omitted). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted). "If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2)." *Lockwood v Ellington Twp*, 323 Mich App 392, 401; 917 NW2d 413 (2018).

"To the extent that resolution of this issue involves statutory interpretation, we review de novo whether the circuit court properly interpreted and applied the relevant statutes. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent." *Wiesner v Washtenaw Co Community Mental Health*, 340 Mich App 572, 580; 986 NW2d 629 (2022) (citation omitted). "If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required." *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 227; 886 NW2d 772 (2015) (quotation marks and citation omitted).

## B. ANALYSIS

"Following a motor vehicle accident, MCL 500.3114 instructs a person to pursue his or her 'claim' for PIP benefits from insurers according to the listed order of priority." *Griffin v Trumbull Ins Co*, 509 Mich 484, 498; 983 NW2d 760 (2022). Generally, under MCL 500.3114(1), a person must first seek PIP benefits from her own insurer. *Farmers Ins Exch v Farm Bureau Gen Ins Co*, 272 Mich App 106, 111; 724 NW2d 485 (2006). But, "the exceptions in Subsections (2), (3), and (5) supersede this general rule." *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 298; 876 NW2d 853 (2015). The relevant exception in this case, subsection (2), states in pertinent part as follows: "A person who suffers accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle." MCL 500.3114(2). Furthermore, under MCL 500.3114(4), "[i]f no insurance is available, a person may obtain benefits through the Assigned Claims Plan, which serves as the insurer of last priority." *Titan Ins Co*, 312 Mich App at 298.

In this case, because Sandoval "is not entitled to personal protection insurance benefits under any other policy," if HFHS's shuttle bus is "a motor vehicle operated in the business of transporting passengers" under MCL 500.3114(2), Zurich is the highest priority insurer. But, if HFHS's shuttle bus is not "a motor vehicle operated in the business of transporting passengers," then Farmers, as the insurer assigned to Sandoval's claims by the MACP, is the highest priority insurer under MCL 500.3114(4). Therefore, the determinative question is whether HFHS's shuttle bus is "a motor vehicle operated in the business of transporting passengers" under MCL 500.3114(2).

Initially, this Court determined that MCL 500.3114(2) applied to "commercial" situations, ensuring speedy recovery of benefits without the need for extensive litigation. *State Farm Mut Auto Ins Co v Sentry Ins*, 91 Mich App 109, 114; 283 NW2d 661 (1979). Nevertheless, in *Farmers Ins Exch v AAA of Mich*, 256 Mich App 691, 697; 671 NW2d 89 (2003), this Court held that the statutory phrase, "operated in the business of transporting passengers," did not have a clear and unambiguous meaning, and therefore must be construed "under the rules of statutory interpretation." Accordingly, this Court held that "a primary purpose/incidental nature test is to be applied to determine whether at the time of an accident a motor vehicle was operated in the business of transporting passengers pursuant to subsection 3114(2)." *Id*. at 701.

In *Farmers Ins Exch*, 256 Mich App at 693-694, the issue was whether the personal vehicle used by a for-profit day-care provider who was transporting children fell within the purview of MCL 500.3114(2). This Court held that the vehicle did not fall within the purview of MCL 500.3114(2) because "(1) her driving of the children to school in her vehicle occurred incidentally to the vehicle's primary use as a personal vehicle, and (2) her transportation of the children to and from school constituted an incidental or small part of her day-care business." *Id*. at 701-702. Accordingly, the relevant questions "under the 'primary purpose/incidental nature test' are (1) whether the transportation of passengers is the primary purpose for which the vehicle is used and (2) whether the transportation of passengers is a primary, as opposed to incidental, component of the overall business or activity of the operator." *Smith v Farm Bureau Mut Ins Co of Mich*, ___ Mich App ___, ___; ___NW3d ___ (2025) (Docket No. 369139); slip op at 7. "If answered affirmatively, a motor vehicle is in the business of transporting passengers." *Id*. (quotation marks and citation omitted).

In this case, the parties seem to agree that the motor vehicle involved in the at-issue accident was primarily used to transport passengers. HFHS operates a 12-bus fleet that is, based on the evidence in the record, primarily if not exclusively used to transport patients and employees between HFHS's buildings and parking lots.

The parties disagree, however, about whether the transportation of passengers was an incidental or small part of HFHS's overall business. Zurich's argument on this point is simple: it asserts that HFHS's "business" is the "operation of a healthcare system," and that the free shuttle-bus service HFHS offers is merely an incidental component of HFHS's overall business. Zurich emphasizes that this is so because HFHS "employs 30,000 people throughout Michigan" and treats "approximately 2,000,000 patients per year." In essence, Zurich argues that, because of the size of HFHS's business operation, HFHS's shuttle-bus service consisting of only 12 buses operating within one square mile is necessarily only a small part of its business.

In response, Farmers argues that the "sheer magnitude" of HFHS's healthcare operation should not be dispositive because it is unknown how many employees and patients take advantage of the shuttle-bus service. Farmers elaborates that "[t]he need [for the shuttle-bus service] was substantial enough to create the service in the first place, and the demand was significant enough for [HFHS] to require twelve buses." We agree with Farmers to the extent it argues that, at this point in the proceedings, these facts raise genuine issues of material fact whether HFHS's shuttle-bus operation is more than an incidental component of its operation of a healthcare system. Yet, particularly in light of Farmers's concession that it is unknown how many of HFHS's employees and patients take advantage of HFHS's shuttle service, we conclude that the trial court erred when it found, before the close of discovery, that there is no question of material fact that HFHS's shuttle-bus service was more than an incidental or small part of its operation of a healthcare system.

At the same time, because questions of material fact exist, Zurich is also not entitled to summary disposition. In short, because questions of material fact remain, a grant of summary disposition in favor of either party at this time would be improper.

The April 5, 2022 stipulated orders and any issues resolved by those orders (including Zurich's agreement to the settlement with Sandoval and her assignees) remain intact, but the trial court's earlier ruling granting Farmers's motion for summary disposition respecting the priority dispute between Farmers and Zurich is reversed. See MCR 7.216(A)(7) (explaining that this Court "may, at any time, in addition to its general powers, in its discretion, and on terms it deems just . . . enter any judgment or order or grant further or different relief as the case may require"). Accordingly, the priority dispute between Zurich and Farmers is remanded for further proceedings.

Reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

-7-