BARNES v FARMERS INSURANCE EXCHANGE

Docket No. 314621. Submitted July 18, 2014, at Detroit. Decided July 29, 2014. Approved for publication November 13, 2014, at 9:00 a.m.

Crystal Barnes brought an action in the Wayne Circuit Court against the Michigan Assigned Claims Facility (MACF) and State Farm Mutual Automobile Insurance Company, seeking personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. Barnes had been injured in an accident while driving a car that was jointly titled to her and her mother, Joyce Burton. Burton had allowed her policy to lapse after she became unable to drive and subsequently asked Richard Huling to use the car to drive her to and from church. Huling obtained a State Farm policy for the car, and he was the only person who had insurance on it. After the accident, Barnes applied for PIP benefits under Huling's State Farm policy, which State Farm denied. Farmers Insurance Exchange was ultimately substituted as a defendant in place of the MACF, which was dismissed with prejudice. State Farm moved for summary disposition, arguing that Barnes could not recover PIP benefits from it because the policy covered only the named insured, Huling. The court, Daniel P. Ryan, J., granted State Farm's motion, concluding among other things that Huling was not an owner of the vehicle. No one appealed the grant of summary disposition to State Farm. Farmers subsequently moved for summary disposition, arguing that under MCL 500.3113(b), a vehicle owner who fails to obtain PIP coverage cannot recover PIP benefits and that because Huling was not an owner, the car had no owner's policy in effect at the time of the accident. The court granted summary disposition in favor of Farmers, ruling that the no-fault act required that at least one of the vehicle's owners have insurance and that because neither Barnes nor Burton had insurance, Barnes was barred from seeking PIP benefits. Barnes appealed.

The Court of Appeals *held*:

MCL 500.3101(1) requires the owner or registrant of a motor vehicle to maintain personal protection insurance. MCL 500.3113(b) provides that a person is not entitled to be paid PIP benefits for an accidental bodily injury if at the time of the accident

the person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by MCL 500.3101 was not in effect. Barnes argued that she could recover PIP benefits as an owner of the car as long as someone had insurance on the vehicle, in this case Huling. Under the plain language of MCL 500.3113(b), however, when none of the owners has the requisite coverage, no owner may recover PIP benefits. Huling had previously been determined not to be an owner, and Barnes was therefore precluded from recovering PIP benefits.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — ELIGIBILITY — LACK OF COVERAGE BY OWNER.

MCL 500.3101(1) requires the owner or registrant of a motor vehicle to maintain personal protection insurance (PIP); MCL 500.3113(b) further provides that a person is not entitled to PIP benefits for an accidental bodily injury if at the time of the accident the person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by MCL 500.3101 was not in effect; under the plain language of MCL 500.3113(b), if none of the owners of the vehicle has the requisite coverage, no owner may recover PIP benefits, regardless of whether a nonowner has PIP coverage on the vehicle.

*Law Offices of Brian E. Muawad, PC* (by *Brian E. Muawad* and *Michael J. Carelli*), for Crystal Barnes.

*Cory, Knight & Bennett* (by *Kristen J. Kosciolek*) for Farmers Insurance Exchange.

Before: JANSEN, P.J., and SAAD and DONOFRIO, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting Farmers Insurance Exchange's motion for summary disposition pursuant to MCR 2.116(C)(10) regarding plaintiff's action for no-fault personal protection insurance (PIP) benefits. We affirm.

This dispute arises from an automobile accident in which plaintiff was injured while driving a 2004 Chevrolet Cavalier. Plaintiff and her mother, Joyce Burton,

who lived together in the same house in Detroit, indisputably were the only titled owners of the Cavalier at the time of the accident. Burton originally insured the Cavalier under an Allstate Insurance Company policy. But she allowed that policy to lapse after health problems resulted in the amputation of both of her legs, leaving her unable to drive. Thereafter, Burton requested that Richard Huling, a close friend from her church, use the Cavalier to drive her to and from frequent church visits. Burton testified that she paid Huling to insure the Cavalier and that Huling bought a no-fault policy from State Farm Mutual Automobile Insurance Company in 2008. It was undisputed that no one else besides Huling had insurance on the vehicle.

While the Cavalier's title listed Burton and plaintiff's Detroit address, Huling claimed that he regularly garaged the Cavalier at his home in Novi. But he also admitted that "[f]rom time to time," he would leave the vehicle in Detroit at Burton and plaintiff's home. Burton testified that plaintiff regularly used the Cavalier to drive herself to and from work and to drive Burton to doctor appointments and shopping.

At the time of the accident, plaintiff was driving the Cavalier by herself. After the accident, she applied for PIP benefits, claiming entitlement under Huling's State Farm policy. Following State Farm's denial of benefits, plaintiff filed the present lawsuit, originally naming the Michigan Assigned Claims Facility (MACF) and State Farm as defendants. Defendant Farmers Insurance Exchange ultimately substituted for the MACF, and the trial court dismissed the MACF from the case with prejudice.

State Farm brought a motion for summary disposition on the basis that plaintiff could not recover PIP benefits from it under the policy because the policy only

covered the named insured, Huling, and was never intended to benefit plaintiff. Accordingly, State Farm contended that plaintiff was without insurance through which she could claim PIP benefits and that her only recourse was through the MACF or Farmers. In opposing the motion, Farmers argued that Huling was a constructive owner of the vehicle,[1] which meant that under Michigan's insurer priority statute, MCL 500.3114, plaintiff had to recover her benefits from State Farm and not Farmers. Plaintiff did not file a brief in opposition, appear at the motion hearing, or otherwise state any opposition to State Farm's motion. The trial court granted State Farm's motion, relying on the facts that the policy applied only to Huling, Huling was not an owner of the vehicle, and Huling was not in the vehicle at the time of the accident. The trial court also noted that Huling had obtained the "policy of insurance for his own personal protection." No party appealed the order granting summary disposition in favor of State Farm.

Farmers later brought its own motion for summary disposition under MCR 2.116(C)(10), arguing that under MCL 500.3113(b), if an owner fails to obtain PIP coverage, he or she cannot recover PIP benefits. Farmers relied on the trial court's dismissal of State Farm, which Farmers argued necessarily meant that Huling was not an owner and, therefore, that the Cavalier had no owner's policy at the time of the accident. Accordingly, Farmers contended that plaintiff, as the owner of an uninsured vehicle involved in an accident, was ineligible for PIP benefits.

Plaintiff opposed the motion, arguing, in relevant part, that controlling caselaw provided that the

---

[1] See MCL 500.3101(2)(h)(i) (providing that the term "owner" includes one who has the use of the vehicle for a period of more than 30 days).

security-of-insurance requirements of the no-fault act are linked to the vehicle, not the person claiming PIP benefits. Plaintiff, therefore, contended that the Cavalier was insured under Huling's State Farm policy and that it did not matter that Huling was not named on the vehicle's title or was not otherwise an owner.

On January 18, 2013, the trial court held a hearing on Farmers' motion. After hearing arguments from both parties, the trial court ruled that the no-fault act required at least one of the "owners" to have insurance. It reasoned that because neither plaintiff nor Burton had insurance, plaintiff was barred from seeking benefits under the no-fault act. The trial court granted summary disposition for Farmers.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Id.* Summary disposition is proper if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10).

The primary goal of the judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217; 801 NW2d 35 (2011). The first criterion in determining intent is the specific language of the statute. *US Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009). The Legislature is

presumed to have intended the meaning it plainly expressed, *Joseph*, 491 Mich at 206, and clear statutory language must be enforced as written, *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012).

The purpose of the Michigan no-fault act, MCL 500.3101 *et seq.*, "is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008) (quotation marks and citation omitted). The no-fault act, however, requires the "owner or registrant of a motor vehicle" to maintain "personal protection insurance [PIP], property protection insurance, and residual liability insurance." MCL 500.3101(1). The no-fault act sets forth a consequence in the event that the required insurance is lacking. MCL 500.3113 provides that

> [a] person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> \* \* \*
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by [MCL 500.3101 or MCL 500.3103] was not in effect.

The issue in the present case is whether MCL 500.3113(b) bars plaintiff's receipt of PIP benefits. Plaintiff relies on this Court's opinion in *Iqbal* as standing for the proposition that she can recover as an owner as long as *anyone* had insurance on the vehicle. We do not believe that *Iqbal* stands for this broad proposition.

In *Iqbal*, the plaintiff was injured while driving a car that was titled and registered only in his brother's name. The brother insured the car through Auto Club

Insurance Association. The plaintiff lived with his sister, who had a household no-fault insurance policy issued by Bristol West Insurance Group. The plaintiff sought PIP benefits. Following the trial court's determination that Bristol had priority to handle the claim, Bristol argued that the plaintiff should be precluded under MCL 500.3113(b) from receiving PIP benefits because the plaintiff was an owner of the car (he had primary possession of it) and did not insure the car himself. The trial court ruled that whether the plaintiff was an owner under MCL 500.3101(2) was irrelevant because the car indisputably was insured by the brother, who was an owner. *Iqbal*, 278 Mich App at 33-36.

This Court agreed that the plaintiff was not precluded by MCL 500.3113(b) from receiving PIP benefits. The Court stated that even while assuming that the plaintiff was an owner,

> the phrase "with respect to which the security required by [MCL 500.3101] . . . was not in effect," [MCL 500. 3113(b)], when read in proper grammatical context, defines or modifies the preceding reference to the motor vehicle involved in the accident, here the BMW, and not the person standing in the shoes of an owner or registrant. The statutory language links the required security or insurance solely to the vehicle. Thus, the question becomes whether the BMW, and not plaintiff, had the coverage or security required by MCL 500.3101. . . . While plaintiff did not obtain this coverage, there is no dispute that the BMW had the coverage, and that is the only requirement under MCL 500.3113(b), *making it irrelevant whether it was plaintiff's brother who procured the vehicle's coverage or plaintiff*. [*Id.* at 39-40 (emphasis altered).]

In the present case, plaintiff cites *Iqbal* and argues that the fact that neither she nor Burton insured the Cavalier does not matter because Huling did. Plaintiff

contends that this is so regardless of whether Huling was an owner of the Cavalier. *Iqbal* should not be read so broadly as to apply to even nonowners. The Court made it clear that it was addressing the problem of whether the statute required "each and every owner" to maintain insurance on a vehicle. *Id.* at 40 n 2. The Court opined that to so hold would preclude an owner who obtained insurance from receiving PIP benefits as long as any other co-owner did not maintain coverage as well. *Id.*

In further support of our view that *Iqbal* does not protect owners of vehicles if no *owner* provides the insurance, we note that *Iqbal* relied on *Jasinski v Nat'l Indemnity Ins Co*, 151 Mich App 812; 391 NW2d 500 (1986), and *State Farm Mut Auto Ins Co v Sentry Ins Co*, 91 Mich App 109; 283 NW2d 661 (1979). Both cases involved at least one owner having obtained the insurance coverage. See *Jasinski*, 151 Mich App at 819 (stating that "the no-fault act has been satisfied because . . . the titled owner . . . maintained security for payment of no-fault benefits"); *State Farm*, 91 Mich App at 115 (stating that each "owner" or "registrant" did not have to have a separate policy and that the policy in question was obtained by the registered title holder). Additionally, to hold otherwise would render nugatory the language of MCL 500.3101(1) that requires "[t]he owner or registrant of a motor vehicle" to maintain insurance, which is not favored. See *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).

Therefore, while *Iqbal* held that each and every owner need not obtain insurance, it did not allow for owners to avoid the consequences of MCL 500.3113(b) if no owner obtained the required insurance. Thus, under the plain language of MCL 500.3113(b), when none of

the owners maintains the requisite coverage, no owner may recover PIP benefits. And because it is undisputed that the only coverage was supplied by Huling, who had been deemed to not be an owner,[2] plaintiff is precluded under the no-fault act from recovering PIP benefits.

Affirmed. Farmers, as the prevailing party, may tax costs pursuant to MCR 7.219.

JANSEN, P.J., and SAAD and DONOFRIO, JJ., concurred.

[2] The trial court's award of summary disposition in favor of State Farm conclusively established this fact and has not been challenged by any party on appeal.