# STATE OF MICHIGAN

# COURT OF APPEALS

CRYSTAL BARNES,

       Plaintiff-Appellee,

v

ANGELA J. ORMOND,

       Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant-Appellant.

UNPUBLISHED
December 17, 2015

No. 323134
Wayne Circuit Court
LC No. 14-005871-NI

Before: SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant State Farm (defendant) appeals by leave granted from the trial court's order denying its motion for summary disposition on plaintiff's claim for uninsured motorist benefits. We reverse and remand.

On the day of the accident, plaintiff was driving in the city of Detroit in a 2004 Chevrolet Cavalier which she owned jointly with her mother, Joyce Burton, with whom plaintiff resided. Plaintiff alleges that defendant Ormond ran a red light and collided into plaintiff's vehicle, resulting in injuries to plaintiff.

Burton was unable to operate the Cavalier due to her medical condition. The vehicle was used by plaintiff, as well as another individual, Richard Huling, to transport Burton as needed, though plaintiff also occasionally used it for her own transportation needs. Huling was unrelated to plaintiff and her mother and did not reside with them. The vehicle was often kept at Huling's residence, though he also left it at plaintiff's home so that she could transport Burton herself or use the vehicle to drive to work.

Although the Cavalier had been insured under a policy issued by Allstate Insurance Company, that policy had lapsed at some point before the accident. At the time of the accident,

-1-

neither plaintiff nor Burton had obtained a policy on the Cavalier, nor did they own any other vehicle. But, several days before the accident, Huling had purchased a policy from defendant covering the Cavalier.

After the accident, plaintiff submitted a claim to defendant for personal injury (PIP) benefits. Defendant denied coverage. Plaintiff filed an action against defendant and the Michigan Assigned Claims Facility, which had assigned the claim to Farmers Insurance Exchange. Defendant moved for summary disposition on the basis that (1) plaintiff owned and operated a vehicle for which she had no insurance, (2) she was not covered by the policy defendant had issued to Huling, and (3) plaintiff was not a resident relative of Huling. At the hearing, defendant argued that Huling was not an owner of the Cavalier and that plaintiff was not insured under the policy issued by defendant. Farmers Insurance argued that Huling was a constructive owner and plaintiff was covered under defendant's policy, which was the first priority for the payment of PIP benefits. Plaintiff did not appear at the hearing. The trial court agreed with defendant and granted summary disposition with prejudice on the basis that the vehicle was uninsured. No appeal was taken from that decision.[1]

Thereafter, plaintiff filed the instant action against Ormond and defendant, alleging that she is entitled to uninsured/underinsured motorist (UM/UIM) benefits under the policy issued by defendant. Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that plaintiff's claim was barred by res judicata and that she was not entitled to UM/UIM benefits because she was not an insured under the policy issued by defendant to Huling. The trial court denied the motion, concluding that Huling could be considered the owner of the Cavalier because he had use of it for more than 30 days and that UM/UIM extended to any person occupying the vehicle. Defendant now appeals by leave granted.

We agree with defendant that plaintiff's claim for UM/UIM benefits are barred by res judicata. This is a question of law which we review de novo. *Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001). In *Adair v State of Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004), the Court explained:

> The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. [Citations omitted.]

---

[1] Farmers Insurance then moved for summary disposition, arguing that plaintiff was not entitled to PIP benefits because she was uninsured. The trial court agreed and granted summary disposition. Plaintiff filed an appeal from that decision, and this Court affirmed the grant of summary disposition. *Barnes v Farmers Ins Exch*, 308 Mich App 1; 862 NW2d 681 (2014).

Relying on *River Park, Inc v Highland Park*, 184 Ill 2d 290, 307-309; 703 NE2d 883 (1998), the *Adair* Court explained:

> Under the "same evidence" test, a second suit is barred "if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions." The "transactional" test provides that "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." [*River Park*, 184 Ill 2d at 307 (internal citations omitted); see *Adair*, 470 Mich at 124.]

Under the transactional test, "a claim is viewed in 'factual terms' and considered 'coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; . . . and regardless of the variations in the evidence needed to support the theories or rights." *Id*.

We are satisfied that the elements of res judicata were met here. The original action was decided on the merits. Both plaintiff and defendant were parties to the prior action.[2] And the current matter could have been resolved in the prior action. Indeed, the reason both claims fail is based upon the same essential fact: whether Huling could be considered an owner of the vehicle.

Because of our resolution of this issue, we need not address defendant's argument that the trial court erred in concluding that there was a genuine issue of material fact on whether Huling was a constructive owner of the Cavalier.

Reversed and remanded for entry of summary disposition in favor of defendant State Farm. Defendant State Farm may tax costs. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[2] Although plaintiff has argued that the presence of additional parties negates this conclusion, plaintiff does not explain why. Rather, both the party asserting res judicata and the party against whom it is being asserted were parties to the prior action and that is sufficient.