# STATE OF MICHIGAN

# COURT OF APPEALS

BEAUMONT HEALTH SYSTEM,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
November 8, 2016

No. 328291
Oakland Circuit Court
LC No. 2014-140070-NF

DONNA WAECHTER,

        Plaintiff-Appellant,

v

TAMIKA SMITH,

        Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and CITIZENS
INSURANCE COMPANY OF THE MIDWEST,

        Defendants-Appellees.

No. 329103
Macomb Circuit Court
LC No. 2014-002466-NI

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

This case involves two consolidated no-fault insurance cases.[1]  In Docket No. 328291, plaintiff Beaumont Health System (Beaumont) appeals as of right an order granting the motion for summary disposition filed by defendant State Farm Mutual Automobile Insurance Company (State Farm).  In Docket No. 329103, plaintiff Donna Waechter (Waechter) appeals as of right an opinion and order granting the motion for summary disposition filed by State Farm, in concurrence with defendant Citizens Insurance Company of the Midwest (Citizens).  We affirm.

The following facts are undisputed by the parties.  On May 1, 2013, Waechter was involved in an accident while driving a 2007 BMW.  She purchased the BMW from Summit Place Kia in 2012.  Waechter's friend, Diane Spahn, cosigned for the purchase of the vehicle.  Spahn's name appeared on the title for the BMW when registered with the state of Michigan, and on the date of the accident.

At the time of the accident, Waechter's ex-husband, Gregg Waechter (Gregg), had an insurance policy through Citizens that covered the BMW and two other cars.  Gregg, who was not an owner of the BMW, was the only named insured on the policy, although Waechter was listed as a principal driver.  Waechter and Gregg divorced in January 2013.  Spahn never purchased insurance for the BMW, although she had an insurance policy through State Farm for a Buick Lacrosse at the time of the accident.

In Docket No. 328291, Beaumont sued State Farm for reimbursement for medical services provided to Waechter as a result of injuries she allegedly suffered in the accident.  In Docket No. 329103, Waechter filed suit against Citizens and State Farm for payment of personal protection insurance (PIP) benefits.  State Farm filed motions for summary disposition in both cases pursuant to MCR 2.116(C)(10), asserting that Waechter and, therefore, Beaumont, were ineligible for PIP benefits under MCL 500.3113(b).  The respective trial courts granted the motions for summary disposition.

On appeal, Beaumont argues that Waechter is entitled to PIP benefits from State Farm pursuant to MCL 500.3114(4), because Spahn insured a Buick through State Farm at the time of the accident.  In contrast, Waechter argues that she is entitled to PIP benefits from Citizens because Citizens insured the BMW at the time of the accident through a policy issued to Gregg.  We disagree with both arguments.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Barnes v Farmers Ins Exch*, 308 Mich App 1, 5; 862 NW2d 681 (2014).  "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*.  "Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence

---

[1] State Farm filed a motion to consolidate these two no-fault cases on November 12, 2015.  This Court entered an order granting State Farm's motion to consolidate on November 30, 2015. *Waechter v Smith*, unpublished order of the Court of Appeals, entered November 30, 2015 (Docket Nos. 328291 and 329103).

submitted by the parties, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Pennington v Longabaugh*, 271 Mich App 101, 104; 719 NW2d 616 (2006).

The trial courts did not err when they granted the motions for summary disposition. MCL 500.3113(b) bars Waechter's entitlement to PIP benefits. In turn, State Farm is not liable to Beaumont for medical services rendered to Waechter in connection with injuries resulting from the motor vehicle accident.

"Under the no-fault act, '[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.' " *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008), quoting MCL 500.3101(1).[2] MCL 500.3113[3] provides, in pertinent part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> * * *
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

In *Iqbal, id.* at 32, 34, the plaintiff was involved in a motor vehicle accident while driving a BMW. The parties agreed that the plaintiff's brother owned the BMW, but disputed whether the plaintiff should also be considered an owner. *Id.* at 37-38. The plaintiff's brother insured the BMW through Auto Club Insurance Association of Michigan, but the plaintiff failed to obtain insurance for the BMW. *Id.* at 32-33, 39-40. This Court determined that MCL 500.3113(b) did not bar the plaintiff from entitlement to PIP benefits, regardless of whether the plaintiff owned the vehicle at the time of the accident. *Id.* at 38-40, 46. The Court stated: "While plaintiff did not obtain this coverage, there is no dispute that the BMW had the coverage, and that is the only requirement under MCL 500.3113(b), making it irrelevant whether it was plaintiff's brother who procured the vehicle's coverage or plaintiff." *Id.* at 40.

In a subsequent decision, this Court declined to extend the ruling in *Iqbal* to allow an owner to obtain PIP benefits where the only insurance on the motor vehicle involved in the accident was secured by a non-owner. *Barnes*, 308 Mich App at 7-9. There, the plaintiff was

---

[2] MCL 500.3101 was amended after *Iqbal*, but the amendments do not affect the portion of MCL 500.3101 quoted here, or this appeal.

[3] MCL 500.3113 was amended in 2014, but the amendment did not alter MCL 500.3113(b). 2014 PA 489.

involved in an accident while driving a motor vehicle she co-owned with her mother. *Id*. at 2-3. At the time of the accident, the motor vehicle was only covered by an insurance policy obtained by a non-owner. *Id*. at 3, 9. This Court determined that, pursuant to MCL 500.3113(b), the plaintiff was ineligible for PIP benefits. *Id*. at 8-9. In so doing, it distinguished *Iqbal*, stating, in part: "[W]hile *Iqbal* held that each and every owner need not obtain insurance, it did not allow for owners to avoid the consequences of MCL 500.3113(b) if no owner obtained the required insurance. Thus, under the plain language of MCL 500.3113(b), when none of the owners maintains the requisite coverage, no owner may recover PIP benefits." *Id*. at 8-9.

In accordance with *Barnes*, the trial courts properly granted the motions for summary disposition and determined that Waechter was ineligible for PIP benefits pursuant to MCL 500.3113(b). The parties do not dispute that neither Waechter nor Spahn, the only two owners of the BMW, had insurance for the BMW. Thus, the security required by MCL 500.3101 was not in effect at the time of the accident.

Waechter argues that, under *Iqbal*, she is entitled to PIP benefits from Citizens because Citizens insured the BMW at the time of the accident through a policy issued to Gregg. Thus, she claims, the motor vehicle itself had insurance at the time of the accident. She claims that this Court's decision in *Barnes* directly conflicts with *Iqbal* and cannot undercut *Iqbal*'s precedential effect. However, in *Iqbal*, one owner of the motor vehicle at issue maintained the required security on the vehicle, while in *Barnes*, neither owner maintained the required security, and the *Barnes* Court specifically discussed *Iqbal* and reached a conclusion regarding how *Iqbal* should be distinguished. *Id*. at 8. This legal conclusion on the part of the *Barnes* Court is binding precedent. As noted by State Farm on appeal, the cases "evince this Court's consistent position that when *an* owner insures a car, then *any other owner* is entitled to PIP benefits under the security obtained for the car, but when *no* owner insures the car, then any owner is *not* entitled to PIP benefits."

Beaumont argues that Waechter is entitled to PIP benefits from State Farm pursuant to MCL 500.3114(4), because Spahn insured a Buick through State Farm at the time of the accident. Beaumont's argument lacks merit. The provisions in MCL 500.3114,[4] listing the priority in which insurance companies must pay PIP benefits, need not be considered if an individual is not entitled to PIP benefits. Waechter is not entitled to PIP benefits under MCL

---

[4] MCL 500.3114 is titled "Persons entitled to personal protection or personal injury benefits; insurer providing coverage," and MCL 500.3114(4) provides, in pertinent part:

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the vehicle occupied.

500.3113(b). In turn, Beaumont is not entitled to payment from State Farm for medical services rendered to Waechter.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter