# STATE OF MICHIGAN

# COURT OF APPEALS

---

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

       Plaintiff-Appellant,

v

GINO ZAGUROLI,

       Defendant-Appellee.

UNPUBLISHED
October 10, 2017

No. 333152
Oakland Circuit Court
LC No. 2015-145868-NF

---

SPECIAL TREE REHABILITATION SYSTEM,

       Plaintiff-Appellee,

v

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

       Defendant-Appellant.

No. 333502
Oakland Circuit Court
LC No. 2015-148223-NF

---

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Frankenmuth Mutual Insurance Company (Frankenmuth) appeals by right a judgment entered against it in this no-fault action arising from injuries sustained by Gino Zaguroli (Zaguroli) in a motor vehicle accident for which he required medical services provided by Special Tree Rehabilitation System (Special Tree). The trial court had denied Frankenmuth's motion for summary disposition of its declaratory judgment action and granted summary disposition in favor of Zaguroli and Special Tree. We reverse.

On August 26, 2014, Zaguroli was in a motor vehicle accident. The vehicle he was driving was titled in the name of his mother, Antoinette, but she had died in 2010. The vehicle was also registered in the name of Antoinette, but the registration had expired on August 1, 2014. The vehicle was insured by Frankenmuth, but the only "named insured" on the policy was Zaguroli's father, Dominic, who had died on June 1, 2014—almost three months before this

-1-

accident. Zaguroli possessed and used the vehicle since 2010, after his mother died. Zaguroli was not a named insured on any automobile insurance policy at the time of the accident, but was listed as a driver on the Frankenmuth policy. After the accident, Zaguroli sought personal injury protection (PIP) benefits from Frankenmuth, which then filed this declaratory judgment action. Thereafter, Special Tree, a medical provider to Zaguroli, also filed an action seeking payment for services provided. The cases were consolidated.

Subsequently, Frankenmuth filed a motion for summary disposition under MCR 2.116(C)(10), arguing that no genuine issue of material fact existed that it was not obligated to pay no-fault benefits to or on behalf of Zaguroli. First, Frankenmuth argued, Zaguroli was barred from recovering PIP benefits under MCL 500.3113(b) because, although he was an "owner" of the vehicle under MCL 500.3101(2)(k)(*i*), he failed to maintain no-fault insurance on it. In other words, at the time of his accident, Zaguroli was required by law to have insurance on the vehicle because he possessed and drove it for a period well over 30 days, consistent with the concept of ownership, but he had not insured the vehicle in violation of MCL 500.3101(1). And although a no-fault policy was issued to Zaguroli's father Dominic—who was the only named insured—Dominic was deceased at the time of the accident. But even before he died, Dominic did not drive it and was not an owner, constructive owner, titleholder, or registrant of the vehicle.

Second, Frankenmuth argued, even if Zaguroli was not barred from recovering PIP benefits in total, Frankenmuth was not obligated to pay him PIP benefits because its policy did not cover him. Zaguroli was not a named insured on the policy and did not reside in the same household as a named insured. See MCL 500.3114(1). Further, there was no insurance in place on any other owner or registrant of the vehicle. Accordingly, Frankenmuth argued, it was entitled to summary disposition on its action for declaratory judgment because Frankenmuth had no liability for payment of PIP benefits to or on behalf of Zaguroli.

Zaguroli filed a response to Frankenmuth's motion for summary disposition, arguing that Frankenmuth was legally liable to pay PIP benefits to and on behalf of Zaguroli. First, Zaguroli argued, the vehicle was owned and insured by Dominic as required under MCL 500.3101(1). Although the title to the vehicle was not in Dominic's name, it passed to him by the laws of intestacy when his wife Antoinette died. Therefore, the vehicle was insured at the time of the accident and Frankenmuth was required to pay PIP benefits under the policy.

Second, Zaguroli argued, Zaguroli was not an owner of the vehicle, constructive or otherwise. Although MCL 500.3101(2)(k)(*i*) defines an "owner" as including a person having the use of a vehicle for greater than 30 days, the focus must be on the nature of a person's right to use the vehicle. And in this case, there was no evidence to suggest that Zaguroli had a continuous right to use the vehicle indefinitely or for any purpose he chose because it was a trust asset after Dominic died. Accordingly, Zaguroli argued, the preclusion set forth in MCL 500.3113(b) did not apply and Zaguroli was entitled to summary disposition under MCR 2.116(I)(2). Special Tree submitted a response consistent with Zaguroli's response to Frankenmuth's motion.

Frankenmuth replied to Zaguroli's and Special Tree's responses to its motion for summary disposition, arguing that Dominic was not an "owner" under MCL 500.3101(2)(k) because he was deceased and never held legal title to the vehicle—despite having a right *to*

*become* the legal title holder under MCL 257.236. In fact, after Zaguroli totaled this vehicle, the legal representative of the deceased parents' estate transferred titled from Antoinette, as owner, to herself. Further, Zaguroli was an owner under MCL 500.3101(2)(k)(*i*) because he had possession and continual use of the vehicle for almost four years before his accident and, at minimum, from early June 2014 through the date of his accident, August 26, 2104.

On May 4, 2016, following oral arguments on Frankenmuth's motion, the trial court granted summary disposition in favor of Zaguroli and Special Tree under MCR 2.116(I)(2), stating that it adopted their alternative arguments. In other words, the court held, "if they're wrong on one, then I adopt the alternative argument." Orders granting summary disposition in favor of Zaguroli and Special Tree were subsequently entered consistent with the court's ruling. Thereafter, a final judgment was entered awarding Special Tree $415,733.97—$364,636.19 for allowable no-fault expenses and $51,097.78 for no-fault interest. Frankenmuth appealed, challenging the trial court's decision in favor of Zaguroli and Special Tree. On June 28, 2016, the appeals were consolidated by order of this Court.

Frankenmuth first argues that Zaguroli was precluded from receiving PIP benefits under MCL 500.3113(b) because he owned the vehicle involved in the accident but failed to maintain insurance on it as required under MCL 500.3101(1). We agree.

This Court reviews de novo a decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When considering a motion under MCR 2.116(C)(10), a reviewing court must consider any affidavits, pleadings, depositions, admissions, or other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. at 120, citing MCR 2.116(G)(5). "Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014). Summary disposition under MCR 2.116(I)(2) is properly granted if it is clear that "the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rataj v Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014) (citation omitted). Further, appellate courts review de novo questions of statutory interpretation. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016).

MCL 500.3101(1) provides that the "owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance[.]" The statute defines "owner" to include (1) a person "having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days," and (2) a person "that holds the legal title to a motor vehicle[.]" MCL 500.3101(2)(k)(*i*) and (*iii*).

Under MCL 500.3113, a person is precluded from receiving PIP benefits if, at the time of the accident, he was the owner or registrant of the vehicle involved in the accident and the insurance required under MCL 500.3101(1) was not in effect. As this Court recognized in *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999):

> The statutory provisions at issue operate to prevent users of motor vehicles from obtaining the benefits of personal protection insurance without carrying their own insurance through the expedient of keeping title to their vehicles in the names of family members.

But a motor vehicle may have more than one owner for purposes of the no-fault act. *Id.* at 691-692. And as long as at least one owner or registrant had the insurance required by MCL 500.3101(1), PIP benefits may be recovered by another owner. *Barnes v Farmers Ins Exch*, 308 Mich App 1, 8; 862 NW2d 681 (2014). However "when none of the owners maintains the requisite coverage, no owner may recover PIP benefits." *Id.* at 8-9.

In this case, Frankenmuth argues that Zaguroli was the one and only owner of the vehicle involved in the accident for purposes of the no-fault act and yet did not maintain the requisite insurance at the time of the accident; thus, he was precluded from receiving PIP benefits. We agree. First, we note that the registrant of the vehicle was Antoinette, who died in 2010. As this Court held in *Titan Ins Co v State Farm Mut Auto Ins Co*, 296 Mich App 75, 92; 817 NW2d 621 (2012), the "registrant" is the person whose name is on the vehicle's title at the time of the relevant accident. See also *Cason v Auto Owners Ins Co*, 181 Mich App 600, 607-608; 450 NW2d 6 (1989). Thus, as a matter of law, neither Zaguroli nor Dominic was the registrant of the vehicle because Antoinette's name was on the vehicle's title at the time of the accident.

Second, Dominic was not an "owner" of the vehicle at the time of the accident for purposes of MCL 500.3101(1) because he was deceased and had been deceased for months before Zaguroli was in the accident. That is, MCL 500.3101 is written in the present tense and contemplates a person who is alive at the time of the accident as being an "owner" of the vehicle involved in the accident. For example, MCL 500.3101(1) states that the owner "shall maintain" insurance on a motor vehicle. And MCL 500.3101(2)(k) defines an "owner" as a person "*renting*" or "*having the use of* a motor vehicle," or as a person who "*holds* the legal title to a motor vehicle[.]" These statutory provisions cannot be met when a person who is claimed to be an "owner" under the no-fault act died months before the accident at issue. It is well-established that when the language of a statute is unambiguous, no judicial construction is permitted and the statute must be enforced as written in accordance with the plain and ordinary meaning of its words. *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005), quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

Further, even before his death, Dominic was not an "owner" of the vehicle involved in the accident for purposes of the no-fault act. He did not hold legal title to the vehicle and, although he may have had the right to become the legal title holder under MCL 257.236, he failed to exercise that right. MCL 500.3101(2)(k)(*iii*). Further, there was no evidence to establish that, before his death, Dominic was a person "having the use of" the vehicle for a period that was greater than 30 days. MCL 500.3101(2)(k)(*i*). That is, there was no evidence that Dominic was "using the vehicle in ways that comport with concepts of ownership." *Ardt*, 233 Mich App at 690. To the contrary, the evidence established that Dominic did not drive, his driver's license had expired years before, and Zaguroli exclusively and continuously possessed, drove, and maintained the vehicle from shortly after his mother Antoinette died in 2010 until the time of this accident when the vehicle was totaled.[1]

---

[1] We refer primarily to the deposition testimony of Zaguroli, Donna Mehall, Rose O'Hara, and Gerald O'Hara. For example, Zaguroli testified that the vehicle at issue was stored at his house

And because the evidence established that Zaguroli exclusively and continuously possessed, drove, and maintained the vehicle from shortly after his mother died in 2010 until the time of this accident in 2014, no genuine issue of material fact existed that Zaguroli was the owner of the vehicle that was involved in the accident for purposes of the no-fault act. Although Zaguroli was not the title holder, he was the only person "having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days[.] MCL 500.3101(2)(k)(*i*). Zaguroli kept the vehicle at his residence, drove the vehicle on a daily basis to work and for personal errands, and serviced as well as maintained the vehicle—for years. See, e.g., *Chop v Zielinski*, 244 Mich App 677, 680-682; 624 NW2d 539 (2001). In other words, he used the vehicle in ways that comported with the concepts of ownership and was the only person to do so. See *Ardt*, 233 Mich App at 690. Because Zaguroli is considered the only owner of the vehicle for purposes of the no-fault act, and he did not have insurance on the vehicle at the time of the accident as required under MCL 500.3101(1), he is precluded from receiving PIP benefits under MCL 500.3113(b).[2]

Frankenmuth also argues, in the alternative, that even if Zaguroli was not precluded from receiving PIP benefits, Frankenmuth was not obligated to pay him PIP benefits because he was not a named insured or resident relative of a named insured under the policy. In light of our conclusion that Zaguroli was the sole owner of the vehicle involved in the accident for purposes of the no-fault act, we need not consider this issue and decline to address it as moot.

In summary, the trial court's holding which adopted the alternative arguments of Zaguroli and Special Tree was erroneous because Dominic, who was deceased, was not an owner of the vehicle at the time of the accident and Zaguroli was the owner of the vehicle but failed to insure it as required under MCL 500.3101(1). Accordingly, the trial court's orders granting summary disposition in favor of Zaguroli and Special Tree under MCR 2.116(I)(2) are reversed and the judgment entered in their favor is vacated. This matter is remanded for entry of an order granting Frankenmuth's motion for summary disposition.

---

since his mother died, that he drove it regularly and was the only person to drive it and have it maintained. Zaguroli testified that Dominic "never drove," "it was years since he drove," and his driver's license was expired. Rose O'Hara testified that Dominic lived with her and did not drive. Gerald O'Hara testified that Dominic did not drive and that Zaguroli had the keys to and drove the vehicle at issue. Mehall testified that Dominic did not drive and that Zaguroli drove the vehicle at issue. In fact, Zaguroli "probably drove it almost 100 percent." He used it to drive to work, as well as for errands and had no other vehicle.

[2] Although Zaguroli was listed as a driver on the Frankenmuth policy, persons designated as drivers "are neither named insureds nor persons named in the policy." *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 175; 858 NW2d 765 (2014).

Reversed, vacated, and remanded for entry of an order granting summary disposition in favor of Frankenmuth. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron