*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

EMILEE KATHRYN BUCKMASTER,

Plaintiff-Appellee,

v

DEPARTMENT OF STATE,

Defendant-Appellant.

FOR PUBLICATION
April 11, 2019
9:00 a.m.

No. 343931
Court of Claims
LC No. 17-000309-MZ

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

CAVANAGH, J.

Defendant, Michigan Department of State, appeals by leave granted[1] an order denying defendant's motion for summary disposition of this case arising under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq*. We affirm in part and reverse in part.

In 2017, plaintiff's attorney sent defendant a request under the FOIA seeking all vehicle registration and licensing records associated with plaintiff's name and a certain vehicle. Defendant, through its FOIA Coordinator, denied the request for the following reasons with the following instructions:

Pursuant to the Freedom of Information Act (FOIA), MCL § 15.231 *et seq* your request is denied because the exemption contained in MCL § 15.243(1)(d), which authorizes the Department to withhold ". . . record or information specifically described and exempted from disclosure by statute." MCL § 257.208b(1) (emphasis added) of the Michigan Vehicle Code . . . provides[:]

The Secretary of State may provide a commercial look-up service of records maintained under this act. For each individual record

---

[1] *Buckmaster v Dep't of State*, unpublished order of the Court of Appeals, entered October 25, 2018 (Docket No. 343931).

-1-

> looked up, the secretary of state shall charge a fee specified annually by the legislature, or if the legislature does not specify a fee, a market-based price established by the secretary of state. *The secretary of state shall process a commercial look-up request only if the request is in the form or format prescribed by the secretary of state.*

> You must complete the enclosed Record Lookup Request form and pay upfront the associated lookup fees to obtain any driving and/or vehicle records from our Department that are not exempt from release. The fee for each record lookup is $11, $12 if certified for court purposes.

Defendant notified plaintiff of the right to appeal this decision to the Secretary of State's designee or to bring a court action challenging the decision. Defendant also attached a record look-up request form, which stated underneath the title that "[t]here is an $11.00 charge for each record that is found. Certification is an additional $1.00."

Plaintiff then filed this action in the Court of Claims, alleging a wrongful denial of requested records under MCL 15.240. Plaintiff acknowledged that the Michigan Vehicle Code (MVC), MCL 257.1 *et seq.*, permits defendant to create and provide a commercial look-up service and that defendant had done so, but plaintiff asserted that the commercial look-up service did not constitute the exclusive way for persons to obtain public records from defendant. Plaintiff alleged that she could also obtain the records through a FOIA request and that by denying her request, defendant violated the FOIA. Thus, plaintiff requested an order compelling disclosure of the records, a declaration that defendant violated the FOIA, an award of all costs, disbursements, and attorney fees, and punitive damages.

Defendant responded to plaintiff's complaint by filing a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that it lawfully denied plaintiff's FOIA request because plaintiff failed to pay the required fee as established under the MVC, MCL 257.208b(1). Defendant argued that, as stated in MCL 15.234(10), the FOIA's fee provisions do not "apply to public records prepared under an act or statute specifically authorizing the sale of those public records to the public, or if the amount of the fee for providing a copy of the public records is otherwise specifically provided by an act or statute." Thus, defendant argued, "when a person requests public records maintained pursuant to the MVC, the fee provisions within the MVC apply." In other words, the MVC fee provisions preempted the FOIA fee provisions, as stated in the FOIA at MCL 15.234(10), and as this Court held in *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017). Because plaintiff did not pay the full MVC fee in advance, defendant argued, plaintiff's request for the records was properly denied.

Plaintiff opposed defendant's motion, arguing that defendant did not deny the FOIA request because plaintiff failed to pay the fee required by the MVC. Rather, defendant denied the FOIA request because the motor vehicle records were allegedly "exempt" from disclosure under the FOIA and could only be produced through the commercial look-up service. Plaintiff disagreed with defendant's position, arguing that motor vehicle records could be requested through the FOIA or the MVC: they are not exempt. Plaintiff agreed that the FOIA deferred to

the MVC's fee provision and that the MVC established the fee as $11 per record. Although the MVC's fee provision applied, plaintiff argued, the FOIA otherwise controlled the request. Plaintiff also argued that no legal authority existed for defendant's requirement that a requester complete a "record lookup request form" when the request is made through the FOIA, rather than the MVC.

The Court of Claims denied defendant's motion for summary disposition, holding: "The Secretary of State can neither require the commercial look up nor require advance payment of the fee associated with a commercial look up form." Defendant then filed an application for leave to appeal, which was granted. *Buckmaster v Dep't of State*, unpublished order of the Court of Appeals, entered October 25, 2018 (Docket No. 343931).

On appeal, defendant argues that it lawfully denied plaintiff's FOIA request because the MVC's fee provisions apply and plaintiff failed to pay the required fee as established under MCL 257.208b(1); thus, its motion for summary disposition should have been granted. We agree, in part.

We review de novo a trial court's decision on a motion for summary disposition. *Barnes v Farmers Ins Exch*, 308 Mich App 1, 5; 862 NW2d 681 (2014). This FOIA case involves issues of statutory interpretation which we also review de novo. See *Mich Federation of Teachers v Univ of Mich*, 481 Mich 657, 664; 753 NW2d 28 (2008). The primary goal of statutory interpretation is to give effect to the Legislature's intent. *TRJ & E Props, LLC v Lansing*, 323 Mich App 664, 670; 919 NW2d 795 (2018). "The language of the statute itself is the primary indicator of the Legislature's intent." *Id*. When the language of the statute is clear and unambiguous, judicial construction is not permitted and this Court applies it as written, giving the words their plain and ordinary meaning. *Mich Federation of Teachers*, 481 Mich at 664 (citation omitted). "When two statutes cover the same general subject, they must be construed together to give reasonable effect to both, if at all possible." *Titus v Shelby Charter Twp*, 226 Mich App 611, 615; 574 NW2d 391 (1997).

Plaintiff brought her request for records under the FOIA, which generally allows a public body to charge fees for the search, copying, or providing of the public record. MCL 15.234(1). However, the FOIA's fee statute "does not apply to public records prepared under an act or statute specifically authorizing the sale of those public records to the public, or if the amount of the fee for providing a copy of the public record is otherwise specifically provided by an act or statute." MCL 15.234(10).

The MVC lists various driving records the Secretary of State must maintain. MCL 257.204a. Those records, unless confidential or restricted by law from disclosure, must be available to the public as set forth in the MVC, the FOIA, or other applicable laws. MCL 257.208a. The MVC also contains the following provision regarding the procedure for obtaining driving records:

> (1) The secretary of state may provide a commercial look-up service of records maintained under this act. For each individual record looked up, the secretary of state shall charge a fee specified annually by the legislature, or if the legislature does not specify a fee, a market-based price established by the

secretary of state. The secretary of state shall process a commercial look-up request only if the request is in a form or format prescribed by the secretary of state. . . . [MCL 257.208b(1).]

This Court has interpreted these FOIA and MVC provisions to mean that motor vehicle records can be requested through the MVC or FOIA, but the MVC's fee provision applies. *Ellison*, 320 Mich App at 179-180.

In this case, defendant does not dispute that plaintiff could request records maintained under the MVC through a FOIA request. And plaintiff did not dispute that the MVC fee of $11 per record applied to her FOIA request for motor vehicle records. Therefore, there is no dispute that the $11 MVC fee applied to plaintiff's FOIA request for motor vehicle records.

The issues in dispute are the timing of the payment of the fee and the form of the request for records. The MVC states that "[t]he secretary of state shall not provide an entire computerized central file or other file of records maintained under this act to a nongovernmental person or entity, unless the person or entity pays the prescribed fee for each individual record contained within the computerized file." MCL 257.208b(9). Consequently, in *Ellison* this Court affirmed the trial court's conclusion that the defendant properly denied the plaintiff's FOIA request for motor vehicle records because the plaintiff failed to pay the associated MVC fee of about $1.6 million. *Ellison*, 320 Mich App at 181. By the statute's plain language, the requested records are not to be provided unless the fees are paid. Therefore, in this case, the trial court erred by concluding that defendant could not require plaintiff to pay—in advance—the fee for the production of the motor vehicle records requested through FOIA.

Regarding the form of the request for public records, defendant reads into *Ellison* a requirement that the request for motor vehicle records must be made through the commercial look-up service using the record look-up request form. The *Ellison* Court did not directly address the plaintiff's failure to complete the record look-up request form associated with the commercial look-up service. Rather, the Court noted: "A FOIA request need only be descriptive enough that a defendant can find the records containing the information that the plaintiff seeks." *Id*. at 178. Thus, contrary to defendant's argument, *Ellison* does not establish that plaintiff was required to use the commercial look-up service and complete the record look-up request form.

The MVC fee provision referring to the commercial look-up service states that the "secretary of state *may* provide a commercial look-up service of records" and that the "secretary of state *shall* process a commercial look-up request only if the request is in a form or format prescribed by the secretary of state." MCL 257.208b(1) (emphasis added). The plain language of this MVC provision only requires that, if a request for records is made through the commercial look-up service, it must be in the proper form. MCL 257.208b(1) does not mandate the use of the commercial look-up service.

In fact, as stated in MCL 257.208a, the MVC permits a request for motor vehicle records to be made in accordance with procedures set forth in the FOIA. And the FOIA directs the production of a public record upon a public body's receipt of "a written request that describes a public record sufficiently to enable the public body to find the public record . . . ." MCL 15.233(1). Our Supreme Court has cautioned against a "restrictive reading" of the FOIA

-4-

standard governing the description of records to be produced because the FOIA "is a prodisclosure act." *Coblentz v Novi*, 475 Mich 558, 572; 719 NW2d 73 (2006). Accordingly, our Supreme Court has noted, the "FOIA does not establish detailed requirements for a valid request." *The Herald Co v Bay City*, 463 Mich 111, 120; 614 NW2d 873 (2000), mod on other grounds by *Mich Federation of Teachers*, 481 Mich at 682. Consistent with the FOIA's stated purpose of granting all persons full and complete information regarding governmental affairs

> the Legislature did not impose detailed or technical requirements as a precondition for granting the public access to information. Instead, the Legislature simply required that any request be sufficiently descriptive to allow the public body to find public records containing the information sought. [*The Herald Co*, 463 Mich at 121.]

Defendant's argument that a request for motor vehicle records must be made through the commercial look-up service would write the FOIA method for requesting motor vehicle records out of the MVC, as well as impose a detailed and technical requirement that does not comport with the purpose of the FOIA. See *id*. Accordingly, the trial court did not err by concluding that defendant could not require plaintiff to use the commercial look-up service and associated form.

Further, defendant's reliance on the FOIA exemption set forth at MCL 15.243(1)(d) is misguided. Generally, the FOIA makes information publicly available unless otherwise exempted. MCL 15.233(1); see also *The Herald Co*, 463 Mich at 121. The FOIA exempts from disclosure "[r]ecords or information specifically described and exempted from disclosure by statute." MCL 15.243(1)(d). For example, the FOIA exempts from disclosure minutes of closed executive sessions when the Open Meetings Act prohibits their disclosure unless a civil action is properly filed. *The Local Area Watch v Grand Rapids*, 262 Mich App 136, 143-146; 683 NW2d 745 (2004). By contrast, the MVC states that motor vehicle records maintained under the MVC "*shall be available to the public* in accordance with procedures prescribed in this act," the FOIA, or another act unless otherwise restricted from disclosure. MCL 257.208a (emphasis added). That is, the MVC does not exempt the production of motor vehicle records; rather, it requires their disclosure. This case turns on the procedural requirements, not the FOIA exemption. Therefore, defendant's reliance on the FOIA exemption in its FOIA denial letter was an improper characterization; the records are not exempt from disclosure and are obtainable if the proper procedure is followed.

In summary, the trial court erred by concluding that defendant could not require advance payment of the fee for the production of motor vehicle records. But the trial court properly held that defendant could not mandate use of the commercial look-up service when a request for motor vehicle records is made through the FOIA.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron